UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTORIIA TSARIONOVA,

Petitioner,

v. Case No. 3:26-cv-2771-MMH-LLL

WARDEN RICKY STALY, et al.,

Respondents.

---

**ORDER**

Petitioner Victoriia Tsarionova, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1). Tsarionova, a citizen of Russia, entered the United States on July 3, 2022. Id. at 14. United States Immigration and Customs Enforcement (ICE) detained Tsarionova on September 29, 2026. Id. at 16. Tsarionova challenges her immigration detention and seeks, inter alia, release or an individualized bond hearing. See id. at 52–66.

The Federal Respondents filed a Response (Doc. 4) asserting that they are now detaining Tsarionova under 8 U.S.C. § 1226(a), and conceding that to the extent she seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th

1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Tsarionova was detained in September 2026, she was not seeking entry at the border; therefore, as the Federal Respondents now concede, she is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Next, the Court must consider the most appropriate remedy: immediate release from detention or bond. On October 19, 2026, while the Petition was pending, ICE transferred Tsarionova to a facility in Texas. See Doc. 5-1 at 1. Texas is located in the Fifth Circuit Court of Appeals, which unlike the Eleventh Circuit, has concluded that petitioners, like Tsarionova, are not entitled to bond hearings. See Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498 (5th Cir. 2026). Immigration judges are bound to apply the precedent of the relevant court of appeals in cases arising within the associated circuit. See, e.g., Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017). Given Tsarionova's current location, the Court is not confident she would receive the

individualized bond hearing to which Respondents concede she is entitled. Therefore, the Court finds release is the most appropriate remedy.[1]

Accordingly, it is

**ORDERED**:

1. Tsarionova's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[2] Respondents shall release Tsarionova within **twenty-four hours** of this Order, and they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

---

[1] Insofar as Tsarionova requests other relief in her Reply (Doc. 5), it is denied.

[2] Because the Court finds that Tsarionova is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Jax-9 10/21
c:
Counsel of Record